**Marcus Gerard DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–006 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 13, 1993.

Jimmy Hamm, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

Marcus Gerard Davis was found guilty by a jury of his peers of the offense of Possession of a Controlled Substance as a repeat felony offender. Appellant elected to have the judge assess punishment and the judge

indeed assessed punishment at a term of fifteen (15) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant now appeals his judgment of conviction bringing to this Court one point of error which contends that the trial court erred in holding the evidence to be sufficient to sustain the conviction, because the evidence was insufficient to prove "possession" as alleged in the indictment.

The State of Texas called only three witnesses to testify at trial: Trooper John Martin, Trooper Peter Maskunas (certified peace officers with the Texas Department of Public Safety), and forensic analyst, Lori Bates, an employee of the Jefferson County Regional Crime Laboratory. Appellant chose not to testify nor to call any witnesses on his behalf.

■ Since we are faced with an "insufficiency of the evidence" point of error, a review of certain facts is necessary. On or about the first day of September 1991, Trooper John Martin and Trooper Peter Maskunas were patrolling in the north-end area of the City of Beaumont, Jefferson County, Texas, at approximately 10:00 p.m. These officers were in uniform driving a marked "Texas Department of Public Safety Highway Patrol" vehicle. The troopers were driving slowly down McHale Street when their vehicle was approached by appellant who, according to Trooper Martin, appeared to him to be "attempting to make contact with us in the car." Trooper Martin further testified that when appellant got within approximately ten feet of the car, appellant turned and fled. Trooper Martin testified that Trooper Maskunas "hollered for the guy to stop," got out of the car and pursued appellant through residential yards on foot while Trooper Martin paralleled the chase in the patrol vehicle. Following a brief chase, Trooper Martin observed that Trooper Maskunas had apprehended the suspect. Trooper Martin took custody of appellant while Trooper Maskunas returned to a particular point covered in the chase and retrieved a white pill bottle which Trooper Maskunas testified that he had seen appellant throw down during the chase. A "field test" by Trooper Martin, indicated that the bottle contained cocaine which was later submitted to the Jefferson County Regional Crime Laboratory.

The thrust of appellant's contention of error focuses on whether the evidence was sufficient to support the fact that appellant was in exclusive possession of the *place* where the contraband was found. Appellant contends that the testimony at trial clearly shows that appellant was not in exclusive control of that particular area where Trooper Maskunas retrieved what was later determined to be "cocaine." Appellant further contends that the mere fact that appellant "threw down" the seized item does not impute knowledge sufficient to prove possession. Appellant informs that "possession" requires that the defendant have knowledge of and exclusive care, custody and control of the contraband. Based upon this premise, appellant contends that there is no evidence that appellant knew that the pill bottle contained a controlled substance or that appellant knew that the item was a controlled substance.

We set forth certain excerpts from Trooper Peter Maskunas' testimony:

Q. What happened while you were chasing the subject on foot?

A. I followed the subject behind a residence that was just to the north of McHale Street, a little bit north of where we were at. I yelled for the subject to stop, that I was a police officer. As I was following behind him no more than maybe 10 or 15 feet, I observed him drop a white, looked to be some sort of pill bottle or some sort of white small container, threw it down on the ground. As I ran by, I marked where I could see it. I could see it underneath—right beside a picnic table.

Q. Let me stop you for a second. When you say you marked it, did you mark it in your mind?

A. In my mind, yes, sir.

Q. So, then, you marked it in your mind. And did you continue to pursue the person?

A. Yes sir, I continued to pursue the person. As I was closing on him at this time, I was able to catch up to him a few

feet away from there, a few yards away from there. And I placed him into custody. At that time Trooper Martin immediately came to my assistance and took custody of the subject, and I immediately returned to where I had seen him drop the container and retrieved the container.

Q. What did you notice about that container?

A. It was a white pill bottle type container. I had seen that he dropped it, and I was able to further determine that that was what he had dropped. All the—

MR. HAMM: (Interrupting) Your Honor, I object. This goes beyond the question that's been asked.

THE COURT: Sustained.

(By Mr. Nelson)

Q. Okay. What was another factor that you noticed when you picked up that pill bottle?

A. That it was dry and the other items that were around the area were wet with a heavy dew. That evening there was very heavy dew, and that item was dry.

Q. What other items were around that pill bottle?

A. Trash, leaves, just different types of debris.

Q. Any other pill bottles?

A. No, sir.

Q. Anything else that looked like what you saw the person you were chasing drop?

A. No sir, it was unique.

Q. Do you see that person that you saw drop that pill bottle in the courtroom today?

A. Yes, sir, I do.

 If the evidence indicates that an accused is not in exclusive possession of the premises where contraband is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Herndon v. State,* 787 S.W.2d 408, 409–410 (Tex.Crim. App.1990). Indeed, it is the *affirmative link* which generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App. 1983); *Redman v. State,* 848 S.W.2d 710, 714 (Tex.App.—Tyler 1992, no pet.). The burden of showing said affirmative link rests upon the State. *Damron v. State,* 570 S.W.2d 933, 935 (Tex.Crim.App.1978).

The affirmative link customarily emerges from an orchestration of several of a list of factors and the logical force they have in combination. *Trejo v. State,* 766 S.W.2d 381, 385 (Tex.App.—Austin 1989, no pet.). Relevant facts and circumstances that provide a sufficient link between a defendant and the contraband have been noted and listed in several opinions, including *Whitworth v. State,* 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd). Although *Whitworth* involved possession of marijuana in the setting of a motor vehicle, the list of factors indicative of the separate issues of *knowledge* and *care, custody, control, and management* are easily translatable to the physical setting that confronts us in the instant case. Two of the *Whitworth* factors are present with great probity, to-wit: the contraband was conveniently accessible to the accused; and conduct by the accused indicated a consciousness of guilt. The testimony clearly reflects that appellant was in actual physical possession of the pill bottle immediately prior to discarding it in the presence of the trooper. The act of discarding the pill bottle containing the contraband was itself conduct indicating knowledge of the illegal nature of said contraband and thus a clear indication of appellant's consciousness of guilt. A defendant's attempt to flee is an additional factor that can also be considered. *Herndon,* 787 S.W.2d at 410.

Under the specific facts of the instant case as testified to by the troopers, in light of the *Whitworth* factors discussed above, the evidence was clearly sufficient for any rational trier of fact to have found both knowledge and actual possession of the contraband proven by the State beyond a reasonable doubt. Point of error one is overruled, and the judg-

ment and sentence of the trial court are affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. I would not rely upon *Whitworth v. State,* 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd). As noted in *Rogers v. State,* 846 S.W.2d 883 (Tex. App.—Beaumont 1993, no pet.), *Whitworth* was a circumstantial evidence case decided pursuant to *Humason v. State,* 728 S.W.2d 363 (Tex.Crim.App.1987). Furthermore, *Humason* was nothing more than the application of "the alternate reasonable hypothesis" construct which is inapplicable to cases tried after November 6, 1991. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

The majority believes this case merits analysis under the "exclusive control" and "affirmative link" doctrines. I do not. There is direct evidence that appellant threw the pill bottle under or right beside a picnic table. Consequently the question of exclusive control of the area is beside the point. Only when the state is relying on circumstantial evidence does the question of exclusive control come under discussion. If exclusive control is beside the point, then affirmative link is superfluous.

The question we must confront is whether the standard of *Jackson v. Virginia*[1] has been met. Since there is direct evidence appellant discarded the pill bottle as he was fleeing from the police, this is conduct from which the jury could reasonably infer that appellant had knowledge that the bottle contained contraband. Nothing more is needed. The evidence is sufficient. I concur in the affirmance.

BROOKSHIRE, Justice, concurring.

This concurrence is written separately to emphasize that in many criminal cases the admissible proof offered by the prosecution is in its nature both direct and circumstantial. Circumstantial evidence is to be weighed as direct evidence. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984). Note that the appellant appeals his judgment of conviction on the contention that the trial court erred in holding the evidence to be sufficient. Appellant argues that the evidence was insufficient to prove possession.

The Court's opinion necessarily analyzed and reviewed the fact situation in the case. The Court correctly pointed out that one trooper pursued the appellant on foot and a second trooper followed the chase in a patrol car. Trooper Martin, after the appellant was apprehended and stopped, took control of the appellant. The second trooper then returned to a particular point that had been traversed in the foot race or chase and recovered a white pill bottle. This was Trooper Maskunas who testified that he had definitely seen the appellant throw down the bottle or container during the foot race. A field test was performed. The results indicated that the bottle contained a controlled substance.

It must be remembered that a main thrust of the appellant's argument for reversible error challenges the sufficiency of the evidence to support the fact that the appellant was in exclusive possession of the place where the contraband was found. Thus, the lack on the appellant's part of such possession of the place where the contraband was found was a major part of his defensive arsenal. Appellant basically argues that the evidence shows that he was not in exclusive control of the place where the trooper retrieved the pill bottle, the contents of which were later determined to be cocaine. Significantly, the appellant further argues that the factual situation wherein the appellant threw down the seized pill bottle or container does not impute knowledge to the appellant sufficient to sustain the conviction.

Here, I think, the appellant contends that any guilty knowledge or the necessary *"mens rea"* is simply lacking. Simply stated, appellant maintains that the prosecution failed to demonstrate that he knew that the contents of the pill bottle or container were contraband or any controlled substance.

In view of these defensive theories, I conclude that the circumstantial evidence (as well as the direct evidence) was not only relevant but crucial and compelling.

1. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The record clearly reflects that the pursuing-on-foot trooper observed the appellant throw a pill bottle or something that looked like a pill bottle or a white, small container on the ground. The trooper marked mentally where the container fell. It fell right beside a picnic table. But the trooper had to continue to pursue the appellant who was still running ahead of the trooper. After the appellant lost the foot race, the trooper returned immediately to the place and retrieved the white, small container or pill bottle.

At trial, the trooper attempted to answer a question to the effect that the trooper had seen the appellant drop the bottle and the trooper was about to testify that he could definitely determine that the bottle was the same one that the appellant dropped. At that point an objection was made which was sustained. Then the trooper was permitted to testify that there were not any other pill bottles in or around that place and that the pill bottle or container was dry while the other items that were around in that area were wet with a heavy dew. He described these other wet items as trash, leaves, and other types of debris. In view of the sustained objection of the appellant, I think that the circumstantial evidence was crucial as well as significant to the State's case and to the State's discharging its burden of proof in a criminal proceeding before the jury.

In view of the arguments and contentions and the general posture of the appellant's appeal, the circumstantial evidence was important on the issue of possession. Concededly, the appellant was not the owner of the place where the contraband, being cocaine, was found. But the white, small pill bottle had been in the immediate possession and hands of the accused and the continuing conduct of the accused indicated a consciousness of guilty knowledge; the accused had a direct and special connection and possession of the bottle; some of these situations and factors have probative force on the issue of possession, custody and control. It is the logical force and deductions of these factors that have in combination probative evaluation in establishing the elements of the indicted offense. It is axiomatic that the State has a

heavy burden of proof. The State must make its case by credible evidence beyond a reasonable doubt. The State must prove every element of the offense.

Furthermore, the circumstances of the chase and the flight of the appellant are relevant to the appellant's argument that there exists a lack of guilty knowledge. Hence, in view of the overall posture of the appellant's brief, these circumstantial factors in combination are clearly relevant to and supportive of the jury's conclusion that the appellant had guilty knowledge about the presence and the nature of the contraband, being cocaine in this case.

Even though in the aggregate, the circumstantial evidence and the surrounding factors as reflected in the record need not necessarily exclude every reasonable hypothesis other than the guilt of the accused; nevertheless, the circumstantial evidence in this case has strong probative force and was necessary—and certainly reasonable and prudent—to the prosecution's discharging of its heavy burden.

The Court's opinion was therefore correct in citing the well-reasoned case of *Whitworth v. State*, 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd). The other concurring opinion places reliance on *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). The Court's opinion is harmonious with *Geesa, supra.* The Court's opinion does not base its rationale on the analytical construct doctrine. *Geesa* does not denigrate the admissibility or the probative force of circumstantial evidence. The accused persisting in an attempt to flee is a circumstance that can be considered on the element of guilty knowledge or *mens rea*, which the appellant argues is woefully lacking. I cannot agree that *mens rea* is absent.

Indeed, logically, circumstantial evidence under *Geesa* acquires an elevated standing and increased probity in a certain sense because it is no longer subservient to the analytical construct doctrine. But this increase in probity is not to the detriment of direct evidence. In *Geesa*, the Court decried:

It is this dichotomy in the law which necessitates our abrogation of the "reasonable hypothesis analytical construct". As

we have emphasized on numerous occasions, the sufficiency of the evidence must be measured against the jury charge. (citations omitted). Given the fact that a jury is to be guided by the charge in reaching their verdict, and given the fact that juries are no longer instructed on the law of circumstantial evidence, it no longer makes sense for appellate courts to use the circumstantial evidence "construct" to review the jury's verdict and to determine, thereby, whether the jurors acted "rationally".

But *Geesa* does not disallow or diminish circumstantial evidence nor does it forbid intermediate appellate courts from analyzing the same when a two-pronged attack on the sufficiency of the evidence is frontally leveled by the accused against the jury's verdict. Again, the Court's opinion does not engage in the analytical construct doctrine or the "reasonable hypothesis analytical construct doctrine" or the "reasonable-hypothesis-of-innocence analytical construct". Rather, the Court assiduously follows the holding of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Court's opinion does not treat circumstantial and direct evidence as being inherently different; this is correct. The Court's opinion followed the correct standard of review for testing the sufficiency of the evidence which was whether the jury was properly instructed and to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The paramount question being whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Note that the mandates of *Jackson v. Virginia* in enunciating the single standard of review do not differentiate between circumstantial and direct evidence. Thus, the writer of the other concurrence's critique of the Court's opinion is inadequate and lacking complementarity.