NO. 07-09-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 9, 2009
______________________________

GILBERT M. LUJAN, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420,770; HON. CECIL G. PURYEAR, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Gilbert M. Lujan challenges the legal and factual sufficiency of the evidence to
support his conviction for tampering with evidence. Purportedly, the State failed to
establish he had knowledge that an investigation was in progress, that he concealed
evidence, or that he knew the item concealed was a crack pipe. We disagree and affirm
the judgment. 
 
 
          Background
          On July 10, 2008, around 5:00 p.m., police officer Matthew Doherty observed
appellant and Antonio Rodriguez riding their bicycles in the area of the Sunset Motel in
Lubbock. The Sunset Motel was known to police as a location whereat drug activity
occurred. Doherty noticed that the men were riding against traffic and looking over their
shoulder at the officer. He then decided to park his squad car in a concealed place. Upon
doing so, he exited the vehicle to watch appellant and Rodriguez as they stopped in the
parking lot of a club, Latin Paradise, located across the street from the Sunset Motel. 
Appellant was observed leaving the club parking lot, riding to the Sunset Motel, staying
there for a couple of minutes, and then returning to the club parking lot. This activity was
reminiscent to that undertaken during a drug purchase, according to the officer. So,
Doherty began to approach the men from the rear when Rodriquez looked over his right
shoulder at the officer and began “watching” him. Immediately thereafter, appellant took
his right hand from his left side and moved it toward the center “as if he was throwing
something.” 
          After Doherty made contact with the men, he saw a red, metal crack pipe on the
ground. It was located in the area towards which appellant made his throwing motion. The
officer collected the item, which he described as being “common with what [he] see[s] as
a crack pipe.” So too did he ask appellant “if he thought that [he] would have arrested
[appellant] for that pipe.” Appellant replied “[y]eah” and did so in a manner indicating “as
if that was a foolish question for [Doherty] to ask.” 
 
 
          Applicable Law 
          The standards by which we review the legal and factual sufficiency of the evidence
are set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)
and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to
those cases. 
          Next, there are several ways to improperly tamper with evidence. That with which
appellant was charged consisted of his knowingly concealing “a thing, to wit: a crack pipe,
with the intent to impair its availability as evidence in the investigation” while “knowing that
an investigation [was] in progress.” Tex. Penal Code Ann. §37.09(a)(1) (Vernon Supp.
2008). All of these elements were not established by the State, according to appellant. 
The first one at issue involved the requirement that appellant knew an investigation was
in progress. Appellant believed that the evidence failed to satisfy the requirement because
the officer concealed himself until after appellant disposed of the crack pipe and failed to
testify that he was conducting an investigation. We disagree.
           While the officer did not specifically state he was conducting an investigation, the
record shows that he 1) was driving in an area where drug transactions were known to
occur, 2) grew suspicious of the men when they kept looking over their shoulders in his
direction, 3) concealed himself so as to watch the men, 4) believed the activity in which
appellant engaged was consistent with drug activity, and 5) approached the two after
appellant returned from the Sunset Motel. From those circumstances, a reasonable jury
could rationally infer that Doherty was conducting an investigation into a potential drug
transaction encompassing appellant and his acquaintance.


 
            Furthermore, Doherty testified that 1) appellant and his friend had seen him as they
rode their bikes and looked in his direction, 2) they appeared nervous, 3) Rodriguez not
only was situated to see Doherty as he approached them but also saw the officer, 4)
appellant appeared to be discarding something as the officer approached, and 5) after the
officer located the crack pipe, appellant indicated that he believed the officer would have
arrested him for having it in his possession. That a jury may infer an accused’s knowledge
about the existence of an ongoing investigation from circumstantial evidence such as acts,
words, and conduct is unquestionable. Tottenham v. State, 285 S.W.3d 19, 20-21 (Tex.
App.–Houston [1st Dist.] 2009, pet. ref’d). And, the circumstantial evidence itemized above
was some from which a rational jury could infer, beyond reasonable doubt, that appellant
knew Doherty was conducting an investigation. See Williams v. State, 270 S.W.3d 140,
144-45 (Tex. Crim. App. 2008) (holding that a rational jury could have found beyond a
reasonable doubt that the defendant destroyed a crack pipe knowing that an investigation
was in progress when the officer approached a car occupied by appellant and parked in
front of a known crack house). Moreover, such an inference would not be against the great
weight and preponderance of the evidence or manifestly unfair given the totality of the
record.
          Appellant also contended that the evidence was insufficient to show that he
concealed a crack pipe because the officer found it on the ground some 15 feet from
where appellant stood. We disagree. To “conceal” means “to prevent disclosure or
recognition of” or “to place out of sight.” Merriam-Webster’s Collegiate Dictionary 257
(11th ed. 2003). It has also been construed to mean to hide or keep from observation,
discovery, or understanding or to keep secret. Hollingsworth v. State, 15 S.W.3d 586, 595
(Tex. App.–Austin 2000, no pet.). Yet, to be criminal, the conduct need not result in the
destruction or loss of the evidence; rather, the accused need only act with the intent to
impair its verity or availability as evidence. Lewis v. State, 56 S.W.3d 617, 625 (Tex. App.
–Texarkana 2001, no pet.).
            Though the crack pipe was both intact and visible, the evidence we previously
alluded to was enough to permit the jury to lawfully infer that appellant attempted to prevent
the pipe’s discovery by throwing it away. Additionally, appellant cites us to no evidence
suggesting that the officer would have nonetheless found the pipe had the officer not seen
appellant engaging in the throwing motion. And, that the motion in which he engaged was
insufficient to actually prevent the officer from finding or retrieving the pipe matters not. 
We also note that the officer likened the pipe to a crack pipe and described its
components, appellant tossed the pipe as the officer approached, and appellant
acknowledged that he would have been arrested if it was found on his person. Attempting
to toss it away can be construed as evidence indicating consciousness of guilt. See Davis
v. State, 862 S.W.2d 817, 819 (Tex. App.–Beaumont 1993, no pet.). That and the
reasonable inferences to be derived from evidence discussed above were, at the very
least, enough to permit a rational jury to conclude, beyond reasonable doubt, that appellant
intended to impair the pipe’s availability as evidence against him while knowing the
unlawful nature of the pipe. And, the entirety of the record would not undermine our
confidence in such a conclusion or lead us to conclude that the verdict was wrong or
manifestly unjust. 
     In sum, the verdict has the support of both legally and factually sufficient evidence. 
Thus, we overrule all the issues and affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice         
Do not publish.