NO. 07-09-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 9, 2009
_____

GILBERT M. LUJAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420,770; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Gilbert M. Lujan challenges the legal and factual sufficiency of the evidence to support his conviction for tampering with evidence. Purportedly, the State failed to establish he had knowledge that an investigation was in progress, that he concealed evidence, or that he knew the item concealed was a crack pipe. We disagree and affirm the judgment.

*Background*

On July 10, 2008, around 5:00 p.m., police officer Matthew Doherty observed appellant and Antonio Rodriguez riding their bicycles in the area of the Sunset Motel in Lubbock. The Sunset Motel was known to police as a location whereat drug activity occurred. Doherty noticed that the men were riding against traffic and looking over their shoulder at the officer. He then decided to park his squad car in a concealed place. Upon doing so, he exited the vehicle to watch appellant and Rodriguez as they stopped in the parking lot of a club, Latin Paradise, located across the street from the Sunset Motel. Appellant was observed leaving the club parking lot, riding to the Sunset Motel, staying there for a couple of minutes, and then returning to the club parking lot. This activity was reminiscent to that undertaken during a drug purchase, according to the officer. So, Doherty began to approach the men from the rear when Rodriquez looked over his right shoulder at the officer and began "watching" him. Immediately thereafter, appellant took his right hand from his left side and moved it toward the center "as if he was throwing something."

After Doherty made contact with the men, he saw a red, metal crack pipe on the ground. It was located in the area towards which appellant made his throwing motion. The officer collected the item, which he described as being "common with what [he] see[s] as a crack pipe." So too did he ask appellant "if he thought that [he] would have arrested [appellant] for that pipe." Appellant replied "[y]eah" and did so in a manner indicating "as if that was a foolish question for [Doherty] to ask."

2

*Applicable Law*

The standards by which we review the legal and factual sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, there are several ways to improperly tamper with evidence. That with which appellant was charged consisted of his knowingly concealing "a thing, to wit: a crack pipe, with the intent to impair its availability as evidence in the investigation" while "knowing that an investigation [was] in progress." TEX. PENAL CODE ANN. §37.09(a)(1) (Vernon Supp. 2008). All of these elements were not established by the State, according to appellant. The first one at issue involved the requirement that appellant knew an investigation was in progress. Appellant believed that the evidence failed to satisfy the requirement because the officer concealed himself until after appellant disposed of the crack pipe and failed to testify that he was conducting an investigation. We disagree.

While the officer did not specifically state he was conducting an investigation, the record shows that he 1) was driving in an area where drug transactions were known to occur, 2) grew suspicious of the men when they kept looking over their shoulders in his direction, 3) concealed himself so as to watch the men, 4) believed the activity in which appellant engaged was consistent with drug activity, and 5) approached the two after appellant returned from the Sunset Motel. From those circumstances, a reasonable jury

3

could rationally infer that Doherty was conducting an investigation into a potential drug transaction encompassing appellant and his acquaintance.[1]

Furthermore, Doherty testified that 1) appellant and his friend had seen him as they rode their bikes and looked in his direction, 2) they appeared nervous, 3) Rodriguez not only was situated to see Doherty as he approached them but also saw the officer, 4) appellant appeared to be discarding something as the officer approached, and 5) after the officer located the crack pipe, appellant indicated that he believed the officer would have arrested him for having it in his possession. That a jury may infer an accused's knowledge about the existence of an ongoing investigation from circumstantial evidence such as acts, words, and conduct is unquestionable. *Tottenham v. State,* 285 S.W.3d 19, 20-21 (Tex. App.–Houston [1st Dist.] 2009, pet. ref'd). And, the circumstantial evidence itemized above was some from which a rational jury could infer, beyond reasonable doubt, that appellant knew Doherty was conducting an investigation. *See Williams v. State,* 270 S.W.3d 140, 144-45 (Tex. Crim. App. 2008) (holding that a rational jury could have found beyond a reasonable doubt that the defendant destroyed a crack pipe knowing that an investigation was in progress when the officer approached a car occupied by appellant and parked in front of a known crack house). Moreover, such an inference would not be against the great

---

[1]This is in contrast to *Lumpkin v. State,* 129 S.W.3d 659, 663 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) and *Pannell v. State,* 7 S.W.3d 222, 224 (Tex. App.–Dallas 1999, pet. ref'd), two cases cited by appellant. In each, the reviewing court determined that the only investigation in progress at the time involved a traffic violation. And, because of that, the accused could not be found culpable for destroying drugs or drug paraphernalia. In other words, those cases suggest that the item destroyed or concealed had to be related to the purpose of the initial investigation. While this proposition has been questioned by the Court of Criminal Appeals, *see Williams v. State*, 270 S.W.3d 140, 144 (Tex. Crim. App. 2008), its application here is of little import since the officer was investigating a potential drug transaction when appellant discarded the crack pipe.

weight and preponderance of the evidence or manifestly unfair given the totality of the record.

Appellant also contended that the evidence was insufficient to show that he concealed a crack pipe because the officer found it on the ground some 15 feet from where appellant stood. We disagree. To "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 257 (11TH ed. 2003). It has also been construed to mean to hide or keep from observation, discovery, or understanding or to keep secret. *Hollingsworth v. State,* 15 S.W.3d 586, 595 (Tex. App.–Austin 2000, no pet.). Yet, to be criminal, the conduct need not result in the destruction or loss of the evidence; rather, the accused need only act with the intent to impair its verity or availability as evidence. *Lewis v. State,* 56 S.W.3d 617, 625 (Tex. App. –Texarkana 2001, no pet.).

Though the crack pipe was both intact and visible, the evidence we previously alluded to was enough to permit the jury to lawfully infer that appellant attempted to prevent the pipe's discovery by throwing it away. Additionally, appellant cites us to no evidence suggesting that the officer would have nonetheless found the pipe had the officer not seen appellant engaging in the throwing motion. And, that the motion in which he engaged was insufficient to actually prevent the officer from finding or retrieving the pipe matters not. We also note that the officer likened the pipe to a crack pipe and described its components, appellant tossed the pipe as the officer approached, and appellant acknowledged that he would have been arrested if it was found on his person. Attempting to toss it away can be construed as evidence indicating consciousness of guilt. *See Davis v. State,* 862 S.W.2d 817, 819 (Tex. App.–Beaumont 1993, no pet.). That and the

5

reasonable inferences to be derived from evidence discussed above were, at the very least, enough to permit a rational jury to conclude, beyond reasonable doubt, that appellant intended to impair the pipe's availability as evidence against him while knowing the unlawful nature of the pipe. And, the entirety of the record would not undermine our confidence in such a conclusion or lead us to conclude that the verdict was wrong or manifestly unjust.

In sum, the verdict has the support of both legally and factually sufficient evidence. Thus, we overrule all the issues and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.