NO. 07-10-0057-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
16, 2010

 



 

RUSSELL WADE HANEY,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

                                                                                         

                                                                                         Appellee

____________________________

 

FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,333; HONORABLE DAN MIKE BIRD,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Russell Wade Haney appeals his conviction
of possession of a controlled substance (cocaine) in an amount of less than one
gram.  In doing so, he claims the
evidence is factually insufficient to sustain the conviction.  We overrule the issue and affirm the
judgment. 

            We review appellant’s
challenge under the standard espoused in Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) and its progeny.  And, in doing so, we note that appellant does
not attempt to dispute the evidence that he rode his bicycle into an alley
known for its drug sales, met with someone therein, hurriedly rode out of the
alley, extended his left hand from the bike and opened it when told to stop by
the police, and informed various of the officers that he had bought “two rocks”
and dropped “two rocks.”  Also undisputed
by appellant is the evidence illustrating that the officers found two “rocks”
of cocaine at the locale whereat appellant was seen opening his hand.  This data is not too weak to enable a
rational jury to deduce, beyond reasonable doubt, that appellant possessed the
cocaine found by the police.  Nor would
such a deduction be manifestly unjust.

            As for
appellant’s insinuation that the State failed to prove that he knew the “rocks”
were cocaine, we do recall a time when it was rather fashionable to buy and
possess items of geologic creation.  But,
owning or possessing igneous, sedimentary, or like creations was not unlawful,
as far as we know.  So, one can only
wonder why appellant would buy “rocks” in an alley and abandon them when
confronted by the police if he did not know them to be contraband.  Indeed, the act of abandonment itself could
be characterized as an instance of consciousness of guilt.  See Davis
v. State, 862 S.W.2d 817, 819 (Tex. App.–Beaumont 1993, no pet.)
(describing the concept).  And, we find
nothing wrong with a jury so interpreting the circumstances.

            Accordingly,
the judgment is affirmed. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

Do
not publish.