NO. 07-10-0057-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 16, 2010

RUSSELL WADE HANEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,333; HONORABLE DAN MIKE BIRD, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Russell Wade Haney appeals his conviction of possession of a controlled substance (cocaine) in an amount of less than one gram. In doing so, he claims the evidence is factually insufficient to sustain the conviction. We overrule the issue and affirm the judgment.

We review appellant's challenge under the standard espoused in *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) and its progeny. And, in doing so, we note that appellant does not attempt to dispute the evidence that he rode his bicycle into

an alley known for its drug sales, met with someone therein, hurriedly rode out of the alley, extended his left hand from the bike and opened it when told to stop by the police, and informed various of the officers that he had bought "two rocks" and dropped "two rocks." Also undisputed by appellant is the evidence illustrating that the officers found two "rocks" of cocaine at the locale whereat appellant was seen opening his hand. This data is not too weak to enable a rational jury to deduce, beyond reasonable doubt, that appellant possessed the cocaine found by the police. Nor would such a deduction be manifestly unjust.

As for appellant's insinuation that the State failed to prove that he knew the "rocks" were cocaine, we do recall a time when it was rather fashionable to buy and possess items of geologic creation. But, owning or possessing igneous, sedimentary, or like creations was not unlawful, as far as we know. So, one can only wonder why appellant would buy "rocks" in an alley and abandon them when confronted by the police if he did not know them to be contraband. Indeed, the act of abandonment itself could be characterized as an instance of consciousness of guilt. *See Davis v. State,* 862 S.W.2d 817, 819 (Tex. App.–Beaumont 1993, no pet.) (describing the concept). And, we find nothing wrong with a jury so interpreting the circumstances.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.


2