NO. 07-11-00086-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
29, 2011

 



 

BRENDA LEE LEATHERWOOD, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 194TH DISTRICT COURT OF
DALLAS COUNTY;

 

NO. F-0634407-M; HONORABLE ERNEST B. WHITE, JUDGE



 



 

Before CAMPBELL  and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Counsel for appellant Brenda Lee
Leatherman filed a motion to withdraw appeal. 
In a signed attachment, appellant states that she wishes to withdraw the
appeal.  We find the motion and
attachment collectively meet the requirement of Rule of Appellate Procedure
42.2(a) that appellant and her attorney must sign a motion to dismiss the
appeal.  Tex. R. App.
P. 42.2(a).

 

No decision of this court having been
delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. 
No motion for rehearing will be entertained and our mandate will issue
forthwith.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.







As for
appellant’s insinuation that the State failed to prove that he knew the “rocks”
were cocaine, we do recall a time when it was rather fashionable to buy and
possess items of geologic creation.  But,
owning or possessing igneous, sedimentary, or like creations was not unlawful,
as far as we know.  So, one can only
wonder why appellant would buy “rocks” in an alley and abandon them when
confronted by the police if he did not know them to be contraband.  Indeed, the act of abandonment itself could
be characterized as an instance of consciousness of guilt.  See Davis
v. State, 862 S.W.2d 817, 819 (Tex. App.–Beaumont 1993, no pet.)
(describing the concept).  And, we find
nothing wrong with a jury so interpreting the circumstances.

            Accordingly,
the judgment is affirmed. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

Do
not publish.